CRAIN, Judge.
The state appeals the trial court’s ruling which moved the venue of this trial from East Baton Rouge Parish. See La.C.Cr.P. art. 912 B (5).
Henry Bennett was arrested and charged with first degree murder and aggravated rape. He immediately moved for a change of venue, contending that his criminal activities were well known to the citizens of the parish and, therefore, it would be virtually impossible to empanel an impartial jury. Defendant complained that his arrest, pending indictment, and the evidence against him had received widespread publicity, including various statements by the District Attorney.
*1127 The trial court set a hearing on defendant’s motion for a change of venue, as well as various other pre-trial motions filed by the defense. Before the hearing was conducted, the East Baton Rouge Parish Grand Jury returned separate indictments, charging defendant with first degree murder, in violation of La.R.S. 14:30, and aggravated rape, in violation of La.R.S. 14:42.
Thereafter, the trial court denied defendant’s motion for a change of venue. Neither the evidence adduced at the hearing nor the trial court’s reasons for judgment were made a part of this record. Defendant did not seek review of the ruling. The court ordered the matter set for trial on August 24, 1987.
On August 21, 1987, defendant filed a “Motion to Reurge Change of Venue” which was, in effect, a second motion for a change of venue. This motion contained the same allegations that had been previously set forth and included copies of various newspaper articles in support of defendant’s claims. The trial court did not order a second hearing; however, the minute entry of August 24,1987, indicates that the court deferred ruling until the voir dire examination. After approximately two and one-half days of voir dire, the court granted defendant's motion.
CHANGE OF VENUE
La.C.Cr.P. art 622 provides the grounds for a change of venue, as follows:
A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial.
In its reasons for ruling that defendant’s motion for a change of venue should be granted, the court specifically noted that the last two panels interviewed by the court knew “every detail” of the case, including two persons who had reached a conclusion regarding defendant’s guilt. The court then stated it was inclined to grant the change of venue for that reason, but permitted the parties to argue the motion. The state objected to the court's basis for changing venue, arguing that only two persons had been excused on the grounds that they had read and heard so much about the matter that they would be unable to put that knowledge aside and judge the case on the evidence presented. The state contended that the other jurors had not indicated that they were so prejudiced by what they had read and heard that they could not be fair and impartial.
 Although a defendant is not entitled to a jury that is totally ignorant of the case to be heard, La. Const. Art. 1, Sec. 16, grants him the right to trial by an impartial jury. State v. Brown, 496 So.2d 261 (La.1986). Extensive knowledge in the community of either the crimes or the putative criminal is not in itself sufficient to render a trial constitutionally unfair; however, unfairness of a constitutional magnitude may be presumed so as to require a change of venue if the trial atmosphere has been “utterly corrupted by press coverage.” State v. Morris, 429 So.2d 111, 117 (La.1983) quoting Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). A defendant must prove more than community awareness of the facts surrounding his case. State v. Brown, 496 So.2d at 263. The defendant bears the burden of proving that there exists a prejudice in the collective minds of the community that would make a fair trial impossible.
The record reflects that the trial court granted the motion for a change of venue strictly because many of the potential jurors were aware of some of the facts of the case. That ground alone is not a proper basis for a change of venue. A defendant is entitled to a jury comprised of a representative cross-section of the community, which will almost certainly include jurors who take an interest in current events and keep abreast of local news. According to the state’s assertion during argument on the motion (which was uncon-tradicted by the trial judge or the defense), only two jurors had been excused by the *1128 court because they testified they would be unable to set aside their knowledge of the case and judge defendant impartially; the other jurors who were excused were challenged because of their acquaintance with the victim and his family or because of their attitude concerning capital punishment. Thus, there was no showing that twelve jurors possessing a juror’s minimum qualification of being able to lay aside his impressions or opinions and render a verdict based on the evidence presented in court could not have been selected. See State v. Rodrigue, 409 So.2d 556, 559 (La.1982). The court granted the motion without requiring defendant to establish prejudice against the accused in the community.
Although the trial court has wide discretion in determining whether or not a change of venue should be granted, a reviewing court is required to make an independent evaluation of the circumstances surrounding the defendant’s trial to determine whether or not he was entitled to have his case transferred to another venue. State v. Rodrigue, 409 So.2d at 559. The record before us does not support he trial court’s determination that defendant could not have obtained a fair and impartial trial in East Baton Rouge Parish.
REVERSED AND CASE REMANDED TO EAST BATON ROUGE PARISH DISTRICT COURT FOR FURTHER PROCEEDINGS.